91 F.3d 154
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ena Mercedes PALACIOS DE MAIRENA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70935.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1996.*
Decided July 5, 1996.
 
 Before: FLETCHER, BEEZER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ena Palacios de Mairena, a native and citizen of Nicaragua, petitions for review of an order of the Board of Immigration Appeals ("Board"). The Board affirmed the decision of an Immigration Judge ("IJ"), which found Palacios deportable, denied her application for asylum and withholding of deportation, and granted her voluntary departure in lieu of deportation. Because the Board's conclusion that Palacios did not establish persecution or a well-founded fear of persecution on the basis of political opinion is supported by substantial evidence in the record, we deny the petition for review.
 
 BACKGROUND
 
 3
 Palacios entered the United States on September 18, 1987 as a non-immigrant visitor authorized to stay for one year. On April 14, 1989, the INS issued an Order to Show Cause in which it charged that Palacios was subject to deportation for overstaying her visa. In proceedings before the IJ held March 22, 1991, Palacios conceded that she was deportable but sought asylum and withholding of deportation under 8 U.S.C. §§ 1158, 1253(h). In the alternative, she requested voluntary departure under 8 U.S.C. § 1254(e).
 
 
 4
 In support of her application, Palacios provided oral testimony, letters, newspaper articles, and a photograph. She testified that she did not want to return to Nicaragua because she feared that the Sandinistas would persecute her because she was a member of the Independent Liberal Party, because she refused to participate with the Sandinistas, and because she refused to allow her children to join the Sandinista Youth or military. She testified that while living in Nicaragua, the Sandinistas threatened her and damaged her house approximately four or five times. She did not suffer physical harm from the Sandinistas. Approximately six months after she left the country, the Sandinistas severely beat her husband.
 
 
 5
 Palacios acknowledged that Nicaragua had elected a new democratic president, Violeta Chamorro, who is from a similar political party to the one to which Palacios belongs and a new democratic vice-president who is from Palacios's political party. However, she testified that the election "hasn't changed anything," and that she is still afraid to return "[b]ecause many of my friends have gone but they have burned their things, their homes and many reprisals have been taken against them."
 
 
 6
 The IJ found Palacios to be a candid and credible witness. She found that Palacios's testimony was often nonresponsive and scattered but attributed that to nervousness rather than dishonesty. Nevertheless, the IJ concluded that Palacios had not shown a well-founded fear of persecution.
 
 LEGAL STANDARD
 A. Asylum
 
 7
 The Attorney General has the discretion to grant asylum to an alien who demonstrates that he is a "refugee," i.e., who is unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992) (quoting 8 U.S.C. § 1101(a)(42)(A)). To establish eligibility on the basis of a well-founded fear of persecution, Palacios's fear of persecution "must be both subjectively genuine and objectively reasonable." Fisher v. INS, 79 F.3d 955, 960 (9th Cir.1996) (en banc). The subjective component is satisfied by "credible testimony that the applicant genuinely fears persecution." Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995). "The objective component requires a showing by credible, direct, and specific evidence in the record, of facts supporting a reasonable fear of persecution on the relevant ground." Fisher, 79 F.3d at 960.
 
 
 8
 The Board's determination that Palacios was not eligible for asylum must be upheld if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Elias-Zacarias, 502 U.S. at 481 (quoting 8 U.S.C. § 1105a(a)(4)).[1] It can be reversed only if the evidence presented by Palacios is such that "a reasonable factfinder would have to conclude that the requisite fear of persecution [on account of political opinion] existed," i.e., the evidence must not only support the conclusion but compel it. Id. at 481 & n. 1.
 
 B. Withholding of Deportation
 
 9
 In contrast to the discretionary nature of asylum, the Attorney General must grant withholding of deportation if the alien demonstrates that "it is more likely than not that the alien would be subject to persecution" in the country to which he would be returned. INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987) (quoting INS v. Stevic, 467 U.S. 407, 429-30 (1984)). Because this is a more demanding standard, where an alien fails to establish a well-founded fear of persecution required for a grant of asylum, he will also have failed to establish the right to withholding of deportation. Prasad, 47 F.3d at 340.
 
 DISCUSSION
 
 10
 As a threshold matter, Palacios appears to contend that, because the Board affirmed the IJ's decision for the reasons stated by the IJ, the record does not reflect that the Board actually considered or meaningfully addressed her assertions that she would be persecuted if she returned to Nicaragua.
 
 
 11
 We disagree. There is nothing improper in the Board's affirming for the reasons stated by the IJ. So long as it is clear from the opinion that the Board "gave individualized consideration to the particular case," the Board may affirm the IJ's decision based on the reasons set forth in the decision. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). If the IJ's analysis is careful and thorough, there is no need for the Board to say the same thing in its own words. Id. Here, the Board noted that Palacios (who filed no brief on appeal before the Board) "has in no significant manner addressed the immigration judge's reasons for the denial of her asylum and withholding claims." The Board stated that it had "reviewed the record, the immigration judge's comprehensive decision, and the contentions made on appeal, and we find from our independent review that the immigration judge adequately and correctly addressed the issues raised on appeal, and her decision is affirmed based upon and for the reasons set forth in her decision."
 
 
 12
 On the merits, Palacios contends that she has a well-founded fear of persecution on account of political opinion. Since the IJ found Palacios's testimony credible, Palacios's assertion that she fears persecution upon returning to Nicaragua satisfies the subjective element of asylum eligibility. See Prasad, 47 F.3d at 338.
 
 
 13
 The IJ concluded, however, that Palacios has not objectively established a well-founded fear of persecution. First, as the IJ noted, although Palacios's husband was apparently beaten by the Sandinistas six months after Palacios left Nicaragua, Palacios did not provide any details to explain why he was targeted or to establish a nexus between his beating and the danger to her. In fact, Palacios testified that her husband was not a member of a political party, and there is nothing in the record to indicate that he had expressed any particular political opinion. Because a petitioner must show not only a well-founded fear of persecution but a fear of persecution because of her political opinion, Elias-Zacarias, 502 U.S. at 481-82, that Palacios's husband was beaten by the Sandinistas does not compel the conclusion that she has a well-founded fear of persecution on account of political opinion. See Prasad, 47 F.3d at 340 ("Absent some evidence that the cousin was killed because of his political opinion ..., the incident does not support the Prasads' claim. Furthermore, attacks on family members do not necessarily establish a well-founded fear of persecution absent a pattern of persecution tied to the petitioners.").
 
 
 14
 Second, Palacios testified that she feared persecution on account of her refusal to permit her children to join the Sandinista Youth or the military. Palacios left the country with her children after the Sandinistas attempted to have her son join the military. She did not openly express her opinion regarding the recruitment and there is no evidence in the record that the Sandinistas (or the new government) have any inclination to punish her for keeping her children from joining the Sandinista Youth or the military.
 
 
 15
 Third, Palacios testified that she had been subjected to threats and had her house damaged by the Sandinistas several times. However, the IJ found that petitioner never explained or established "why her house was damaged, whether this was the only house in the area singled out for damage or whether, instead, it was random malicious mischief.... There is nothing in the record to indicate why she was singled out for these threats." Therefore, the IJ concluded that Palacios failed to present sufficient evidence that her house was damaged and that she was threatened on account of her political opinion.
 
 
 16
 The IJ's conclusion is supported by the record. That Palacios does not remember exactly where or when the Sandinistas threatened her or damaged her house does not discount the fact that she was harassed by the Sandinistas. However, since she must establish persecution or fear of persecution on account of political opinion in order to be eligible for asylum or withholding of deportation, her lack of specificity regarding the incidents and why they occurred does cut against her claim. Although it may be difficult to provide proof of the Sandinistas' motives in threatening her and harming her house, nevertheless, "since the statute makes motive critical, [s]he must provide some evidence of it, direct or circumstantial." Elias-Zacarias, 502 U.S. at 483. In order to establish that the persecution was on account of her political opinion, Palacios testified that she was a member of the Independent Liberal Party. However, she provided no details about the extent of her involvement with the party or the nature of her opposition to the Sandinistas. The mere fact that she belonged to the party does not compel the inference that the Sandinistas targeted her because of her political opinion. See Canas-Segovia v. INS, 970 F.2d 599, 601 (9th Cir.1992) (stating that where a persecuted activity could stem from many causes, "the victim needs to show the persecutor had a protected basis (such as the victim's political opinion) in mind in undertaking the persecution").
 
 
 17
 Finally, the IJ found that "recent events in Nicaragua have to a great degree negated the grounds for [Palacios's] fear of returning there." Because we conclude that the IJ's determination that Palacios has not established a well-founded fear of persecution is supported by the record without regard to the changed political climate, we need not address the effect of changed circumstances on Palacios's claim.
 
 
 18
 Because Palacios has not succeeded in establishing eligibility for asylum, she has also failed to meet the more stringent standard for withholding of deportation. Accordingly, we affirm the denial of her application for asylum and withholding of deportation. We also affirm the Board's grant of voluntary departure.
 
 
 19
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the Board affirmed for the reasons stated in the IJ's decision, we treat the IJ's statement of reasons as the Board's and review the IJ's decision. See Gonzalez v. INS, 82 F.3d 903 (9th Cir.1996)